UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLTON HARRIS,<br><br>              **Plaintiff,**<br><br>    vs.<br><br>MONIL PATEL,<br><br>              **Defendant.** | Civ. No. 2:17-cv-487-KM-MAH<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Carlton Harris alleges that his manager at Dunkin Donuts, defendant Monil Patel, discriminated against him and harassed him on the basis of race and color in violation of Title VII. Defendant Patel has filed a motion to dismiss the complaint for failure to state a claim.

**I.    BACKGROUND**[1]

Plaintiff Carlton Harris works at a Dunkin Donuts in Rockaway, New Jersey. (Compl. at 3-4). Mr. Harris, who identifies as black, alleges that his manager, defendant Monil Patel, discriminated against him and harassed him on the basis of race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Compl. at 5-6). On February 25, 2016, Patel allegedly "was emulating monkey noises" while Mr. Harris worked. (Compl. at 7). On May 3, 2016, Patel allegedly "kept calling [Mr. Harris] dumb because [he] did not know how to put cups in a certain area." (Compl. at 7). On May 12,

---

[1]     The facts are stated with inferences drawn in favor of the plaintiff on this motion to dismiss. *See* Section II, *infra.* Citations to the Complaint (ECF No. 1) are abbreviated as "Compl."

1

2016, Patel allegedly "stated that he liked to kill n*****'s in his spare time." (Compl. at 7). Mr. Harris alleges that this conduct is ongoing. (Compl. at 6).

On or about August 24, 2016, Mr. Harris filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (Compl. at 7). The EEOC issued a right-to-sue letter, which Mr. Harris received on December 27, 2016. (Compl. at 7). He filed this suit on January 24, 2017, within sixty days of receiving his right-to-sue letter. (Compl. at 7-8).

On September 8, 2017, Patel filed a motion to dismiss the complaint for failure to state a claim. (Def. Br.). Mr. Harris did not file a response. On September 29, 2017, I entered an order that Mr. Harris show cause by filing an opposition within 21 days, with a motion to file out of time, or else defendant's motion to dismiss the complaint might be treated as unopposed and granted. (ECF No. 16). On November 22, 2017, I issued a second order that Mr. Harris show cause by December 12, 2017 why the complaint should not be dismissed without prejudice for lack of prosecution. (ECF No. 17). On December 11, 2017, this Court received a letter from Mr. Harris, which stated that his case should not be dismissed because he is still trying to find a lawyer. (ECF No. 18).

Because Mr. Harris did not respond as directed to either my first or my second order to show cause, I will decide the motion to dismiss without the benefit of a filed opposition. I do not, however, merely grant it as unopposed; I consider the merits.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). Technically, this is a motion for judgment on the pleadings under Rule 12(c), because the complaint has been answered. Because the motion relies on the face of the complaint, the standard is the same. *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

### III. DISCUSSION

Mr. Harris brought a Title VII antidiscrimination suit against Patel, his manager at Dunkin Donuts. Patel, however, is the manager, not Mr. Harris's employer. Title VII does not recognize individual employee liability. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc); *see also Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 299 & n.27 (3d Cir. 2017); *Vangjeli v. Philadelphia*, 655 F. App'x 132, 133 (3d Cir. 2016). Title VII provides, in relevant part:

> It shall be an unlawful employment practice for an *employer*—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....

42 U.S.C. § 2000e–2(a)(1) (emphasis added). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." *Id.* § 2000e(b).

The Third Circuit and a clear majority of the Courts of Appeals that have considered this question have held that individual employees cannot be held liable under Title VII. *See Sheridan*, 100 F.3d at 1077-78; *see also, e.g., Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).

The Complaint alleges only that Patel is the "Manager." (Cplt. I.B, , ECF no. 1 at 2) In his Answer, Patel admits that he is the manager of the business, and asserts that, as such, he is not properly sued under Title VII. (Answer ¶ 2

and Second Separate Defense, ECF no. 12 at 1, 4) Since defendant Patel cannot be held liable under Title VII and is the only defendant named, Mr. Harris's complaint is dismissed for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, defendant Patel's motion to dismiss the complaint for failure to state a claim is granted. This dismissal is without prejudice to the filing of an amended complaint within 30 days.

An appropriate order accompanies this opinion.

Dated: March 1, 2018

_____
**KEVIN MCNULTY**
**United States District Judge**